IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUAN ANTONIO HUNTER,            )
                                )
        Petitioner,              )
                                )
        v.                       )       1:16CR442-1
                                )       1:19CV1198
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per Chief United States District Judge Thomas D. Schroeder) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 120 months, as a result of his guilty plea to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (Docket Entry 34; see also Docket Entry 1 (Indictment); Docket Entry 25 (Plea Agt.); Docket Entry 42 (Plea Hrg. Tr.); Docket Entry 43 (Sent'g Hrg. Tr.).)[1] Petitioner appealed, but the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence and the United States Supreme Court denied review. See United States v. Hunter, 756 F. App'x 255 (4th Cir. 2018), cert. denied, ___ U.S. ___, 139 S. Ct. 2683 (2019). On August 6, 2019, the Clerk docketed a letter motion, dated and signed by Petitioner on July 30, 2019, seeking relief pursuant to a change in law engendered by Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019). (Docket Entry 50

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

("Letter Motion").)  The Court (per the undersigned United States Magistrate Judge) construed the Letter Motion as brought under 28 U.S.C. § 2255, instructed the Clerk "to send Petitioner [the proper] forms and instructions," and recommended "that th[e] action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms." (Docket Entry 51 at 1-2.)  The Court (per Chief Judge Schroeder) adopted that recommendation.  (See Docket Entry 53.)  Petitioner thereafter timely filed a motion pursuant to 28 U.S.C. § 2255. (Docket Entry 54 ("Section 2255 Motion").)

The Section 2255 Motion presents one ground for relief (echoing the Letter Motion's invocation of Rehaif):  "In [a] prosecution under [18 U.S.C.] § 922(g) and 924(a)(2), the Government must prove both that [the] defendant knew he possessed a firearm and that he knew he belonged to the relvant [sic] category of persons barred from possessing a firearm."  (Id., ¶ 12(Ground One) (last set of parentheses added).)  The Court (per the undersigned) subsequently stayed disposition of the Section 2255 Motion, pending the resolution of an appeal of another case addressing Rehaif-related issues.  (See Docket Entries 57, 60.) During that stay, via an untitled motion (Docket Entry 58 ("Amendment Motion")), dated as signed on February 26, 2020 (see id. at 5), Petitioner asked "to amend his [Section] 2255 [Motion] (based on rule 11 violation due to [the] Supreme Court's

2

intervening decision in Rehaif . . . [which means P]etitioner's plea was involuntary, because [P]etitioner did not understand the essential elements of the offense [to] which [P]etitioner pleaded guilty)" (id. at 1 (underscoring added)). On August 13, 2021, after the Supreme Court resolved the case which had led to the stay – in Greer v. United States, ___ U.S. ___, 141 S. Ct. 2090 (2021) – the United States responded to the Section 2255 Motion. (See Docket Entry 64). Despite notice (via letter from the Clerk dated August 20, 2021) of the right to reply to that response and a warning that "failure to file a reply brief . . . within the time allowed may cause the [C]ourt to conclude that the government's contentions are undisputed" (Docket Entry 67 at 1; see also id. ("As a result, the [C]ourt may dismiss your suit or render judgment against you.")), Petitioner did not file a reply (see Docket Entries dated Aug. 13, 2021, to present).

As the response by the United States argues (in uncontested fashion) (see Docket Entry 64 at 2-3), the Section 2255 Motion – as deemed amended of right by the Amendment Motion (see Text Order dated Jan. 11. 2023) – fails as a matter of law, because (as documented above) Petitioner pleaded guilty to possession of a stolen firearm (in violation of Section 922(j)), not to possession of a firearm by a prohibited person (in violation of Section 922(g)), such that Rehaif did not alter the elements of his offense of conviction and/or the validity of his guilty plea, entered after

3

the Court (per Chief Judge Schroeder) fully explained to Petitioner the proper elements of a Section 922(j) offense at his plea hearing (see Docket Entry 42 at 14). See Amalfitano v. United States, No. 8:21CV2768, 2022 WL 17082042, at *3 (M.D. Fla. Nov. 18, 2022) (unpublished) ("*Rehaif* does not apply here.  *Rehaif* held that the defendant who was convicted of possessing firearms as a restricted person under 18 U.S.C. § 922(g), had to know of his restriction (such as a felony record, illegal alien, or fugitive status etc.). In contrast, [the p]etitioner pled to 18 U.S.C. § 922(j) which is knowing possession of stolen firearms in interstate commerce.  The stolen nature of the guns was an element of [the p]etitioner's crime and he knew all the elements and agreed to them, admitting guilt to them expressly at his plea." (emphasis omitted)).

As a final matter, in a letter dated as signed on an unspecified day in "September 2022" (Docket Entry 88 ("Supplemental Letter Motion") at 1), Petitioner "wr[ote] the [C]ourt to see if any of [the] following changes applies to [his] case: 1) The 1st Step Act[,] 2) The recent Supreme Court rulings[, and] 3) The Taylor case regarding conception [sic]" (id.).  Neither the Supplemental Letter Motion nor anything else in the record reflects that the United States has given written consent to a second amendment to the Section 2255 Motion.  (See id.; see also Docket Entries dated Sept. 19, 2022 (date of docketing of Supplemental Letter Motion), to present (containing no further filings by the

4

parties).) Accordingly, Petitioner must obtain leave of the Court to add any new claims to his Section 2255 Motion. See Fed. R. Civ. P. 15(a)(2). The Court should deny such leave, because the Supplemental Letter presents no legally sufficient arguments for relief. See generally United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (ruling that "futility of amendment" warrants denial of amendment in Section 2255 context); see also United States v. Thornton, No. 3:05CR184, 2013 WL 12330642, at *1 (S.D. Ohio July 25, 2013) (unpublished) ("The burden is on [Petitioner] to point out any factual issues . . . . It is not the [c]ourt's burden to comb the record looking for possible factual issues."); Zambrana v. United States, 790 F. Supp. 838, 843 (N.D. Ind. 1992) ("Even pro se litigants are held to minimal standards of pleading and motion practice, and in framing their grounds for § 2255 relief it is well for them to remember [that] . . . [j]udges are not like pigs, hunting for truffles buried in [court filings]." (internal quotation marks and italics omitted)).

**IT IS THEREFORE RECOMMENDED** that Petitioner's Section 2255 Motion (Docket Entry 54), as deemed amended of right by his Amendment Motion (Docket Entry 58), as well as his Supplemental Letter Motion (Docket Entry 88), both be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 12, 2023