IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JUAN ANTONIO HUNTER,         )
                             )
          Petitioner,        )
                             )
     v.                      )         1:16CR442-1
                             )         1:19CV1198
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )
```

**ORDER**

The Recommendation of the United States Magistrate Judge that Petitioner's Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255 (Doc. 54) (as deemed amended of right by his Amendment Motion (Doc. 58)) and Supplemental Letter Motion (Doc. 88) both be denied without a certificate of appealability was filed with the court in accordance with 28 U.S.C. § 636(b). (Doc. 89.) On January 12, 2023, the Recommendation was served on the parties in this action. (Doc. 90.) In lieu of objecting to the Recommendation, Petitioner filed a "Motion For Leave To Amend And/Or Supplement Title 28 USCS § 2255 Petition Pursuant To Fed. R. Civ. P. 15(a)(2)" ("Second Amendment Motion") (Doc. 93), in which he 1) stated his "wish[] to withdraw" the sole ground for relief in his Section 2255 Motion based on Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019), and 2) "move[d] the [c]ourt to allow for the inclusion of [two additional] claims for relief"

(id. at 2), both alleging ineffective assistance of trial counsel (see id. at 2-9).

In light of Petitioner's failure to object to the Recommendation, as well as his stated intent to "withdraw" the sole ground for relief in his Section 2255 Motion (Doc. 93 at 2), the court will adopt the Recommendation in full and deny Petitioner's Section 2255 Motion and Supplemental Letter Motion. See, e.g., Jackson v. Secretary, Dep't of Corr., No. 5:14CV357, 2016 WL 6916846, at *5 (N.D. Fla. Nov. 1, 2016) (unpublished) ("Because [the] petitioner has abandoned [g]rounds [o]ne, [t]wo, and [t]hree, the court should deny habeas relief on these claims."), recommendation adopted, 2016 WL 6916815 (N.D. Fla. Nov. 23, 2016) (unpublished).

Petitioner's Second Amendment Motion requests leave to add new claims of ineffective assistance based on his trial counsel's alleged 1) "misrepresentation of the particulars of the Plea Agreement by asserting that Petitioner would not get any more than 72-months of imprisonment in exchange for his guilty plea" (Doc. 93 at 2 (standard capitalization applied)), and 2) "fail[ure] to investigate and present witnesses [at the sentencing hearing] who could have provided material evidence to rebut the Probation Office contentions and the Government's position" (id. at 3 (standard capitalization applied)). For the reasons more fully explained below, the court will deny Petitioner leave to add the foregoing,

2

two ineffective assistance of counsel claims due to their futility as untimely.

A habeas motion "may be amended . . . as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Under those rules, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading . . . ."  Fed. R. Civ. P. 15(a)(1).  Because those deadlines passed before Petitioner filed his Second Amendment Motion, he can amend his Section 2255 Motion "only with [Respondent's] written consent or the court's leave," Fed. R. Civ. P. 15(a)(2).  Petitioner's Second Amendment Motion does not reflect any such written consent by the United States.  (See Doc. 93.)  As for judicial leave, permission "to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment."  United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

"Where [as here] the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."  Id.  For claims brought under Section 2255:

> [A one-year] limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to filing a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

3

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Pursuant to Subparagraph 1,[1] Petitioner's conviction became final on June 3, 2019, when the United States Supreme Court denied his petition for writ of certiorari, <u>Hunter v. United States</u>, ___ U.S. ___, 139 S. Ct. 2683 (2019). Petitioner did not propose adding his ineffective assistance claims until (at the earliest) February 28, 2023 (<u>see</u> Doc. 93 at 9), i.e., more than two and a half years after the expiration – on June 3, 2020 – of the one-year limitations period set by Section 2255(f)(1).

Any habeas claims Petitioner proposed after June 3, 2020, still could qualify as timely if they "related back" to the claim

---

[1] The record cannot support a finding that Subparagraphs 2, 3, or 4 would entitle Petitioner to delayed commencement of the federal limitations period for his proposed ineffective assistance of counsel claims. First, as documented above, Petitioner made other timely habeas filings in this court, such that Subparagraph 2 could not apply. Subparagraph 3 likewise could provide no relief, because ineffective assistance claims rest on Sixth Amendment principles of long standing, not any right newly recognized by the United States Supreme Court. As a final matter, because Petitioner could have learned of the factual predicates for the proposed ineffective assistance claims no later than the date of his sentencing, Subparagraph 4 would not result in a later start date for the limitations period than what Subparagraph 1 provides.

4

in his (timely-filed) Section 2255 Motion, but (under the circumstances presented) the relation-back doctrine only could save a new claim "that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading," Fed. R. Civ. P. 15(c)(1)(B); see also Fed. R. Civ. P. 15(c)(1)(A) & (C) (allowing relation-back where statutory authority so dictates and amendment involves non-prejudicial party change, respectively). Furthermore, "conduct, transaction, or occurrence" does not mean a petitioner's entire trial and/or sentencing. Mayle v. Felix, 545 U.S. 644, 664 (2005). Instead, only claims linked as to "time and type" with timely-filed claims "relate back." Pittman, 209 F.3d at 318 (internal quotation marks omitted).

Because Petitioner's proposed ineffective assistance claims do not meet this "relation-back" standard, they would fail as untimely, absent a showing that equitable tolling applied, see Holland v. Florida, 560 U.S. 631, 634 (2010) (recognizing that equitable tolling applies to federal habeas limitations period), or a showing of actual innocence, see McQuiggin v. Perkins, 569 U.S. 383, 391-98 (2013) (holding that assertion of actual innocence can overcome one-year statute of limitations). To secure equitable tolling, Petitioner must demonstrate that he "pursu[ed] his rights diligently," but "some extraordinary circumstance . . . prevented a timely filing,"

5

Holland, 560 U.S. at 649 (internal quotation marks omitted), and to qualify for an exception to the limitations period based upon actual innocence, Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him" in light of new, reliable evidence, Schlup v. Delo, 513 U.S. 298, 327 (1995). The Second Amendment Motion makes neither showing. (See Doc. 93.)

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 54) (as amended by Doc. 58), Supplemental Letter Motion (Doc. 88), and Second Amendment Motion (Doc. 93) are DENIED. A judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

                                          /s/   Thomas D. Schroeder
                                          United States District Judge

March 22, 2023

6

Case 1:16-cr-00442-TDS   Document 96   Filed 03/22/23   Page 6 of 6